IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ERNEST HOLLOWAY,

    Plaintiff,

v.

NANCY A. BERRYHILL, Deputy Commissioner for Operations, performing duties and functions not reserved to the Commissioner of Social Security,

    Defendant.

No. C 18-02465 WHA

**ORDER RE SCREENING UNDER 28 U.S.C. § 1915**

## INTRODUCTION

In this social security benefits case, plaintiff alleges that his request for disability benefits was wrongfully denied. He now fails to state a claim upon which relief can be granted.

## STATEMENT

In 2014, plaintiff Ernest Holloway filed for disability benefits under Titles II and XVI of the Social Security Act and was ultimately denied benefits by the Acting Commissioner. Plaintiff proceeded *in forma pauperis* and sought review of the Acting Commissioner's decision by Judge Nathanael Cousins, alleging in his complaint that defendant should have found him disabled and awarded him disability benefits. Judge Cousins found plaintiff's complaint to be frivolous under 28 U.S.C. Section 1915, meaning that the complaint lacked an arguable basis

"either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Judge Cousins granted plaintiff leave to amend. Plaintiff filed an amended complaint and his case was reassigned to district court. His amended complaint made only skeletal allegations of error on the part of the Acting Commissioner. In an effort to clarify plaintiff's grievances, an order requested that plaintiff provide the administrative record. Plaintiff's counsel promptly provided the record, which contained defendant's decision regarding plaintiff's disability claim (Dkt. Nos. 6, 7, 10, 12, 13).

When a plaintiff proceeds *in forma pauperis* under Section 19l5, a court must conduct a preliminary screening of plaintiff's complaint and dismiss any claims which (1) are frivolous or malicious; (2) fail to state a claim upon which relief can be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 19l5(e)(2)(B) (West 2018). A complaint fails to state a claim upon which relief can be granted when it does not "state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), even when the court takes "all allegations of material fact as true and construes them in the light most favorable" to plaintiff, *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.,* 474 F.3d 1202, 1205 (9th Cir. 2007). A court is not, however, obligated to credit "legal conclusions [and] mere conclusory statements" as true in assessing whether a complaint is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

ALJs review requests for disability benefits in the name of the Acting Commissioner. This review entails examination of the disability claim under a five-part framework mandated by the Social Security Act (AR 5). The framework includes an inquiry into whether the claimant has the ability to do any kind of work, considering the claimant's age, education, work experience, and the claimant's ability to work on a sustained basis notwithstanding his impairments (AR 6). If the ALJ finds the claimant able to undertake work, even within a limited range of occupations, he is not disabled within the meaning of the Social Security Act.

**ANALYSIS**

If the claimant's treating doctor asserts an uncontradicted conclusion about the claimant's disability status, a fact-finder cannot reject the doctor's conclusion absent "clear and

convincing" reasons. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If a treating doctor's conclusion is contradicted by another doctor, a fact-finder can only reject the treating doctor's conclusion by providing "specific and legitimate reasons supported by substantial evidence in the record." *See id.* at 830–31. The opinions of non-treating physicians can constitute substantial evidence when their opinions are consistent with other evidence in the record. *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). Where the evidence is susceptible to more than one rational conclusion, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld. *Ibid.*

In light of the administrative record, plaintiff's skeletal allegations of error are unjustified. Plaintiff's complaint alleges that the Commissioner improperly rejected his treating doctors' opinions regarding his disability and thereby erroneously found plaintiff to be not disabled. Plaintiff provides no support for these allegations beyond factual and legal conclusions. He does not even detail the nature or onset date of his disability in his complaint, instead asserting only that he is disabled, which is itself a legal conclusion. An examination of the record reveals that defendant's explanation for finding plaintiff not disabled included specific and legitimate reasons supported by substantial evidence in the record. Though other treating and examining sources asserted that plaintiff was disabled, the ALJ concluded from plaintiff's and a vocational expert's testimony that plaintiff was able to pursue certain unskilled light occupations, a category in which there are many potential jobs for plaintiff (AR 12–14). The ALJ's conclusion was supported by the opinions of two examining physicians, both of whom asserted that plaintiff was still able to undertake certain work (AR 13). Plaintiff testified that he cares for his daughter and maintains his home independently, all of which involves physical exertion at a level inconsistent with plaintiff's alleged disability (AR 11). Because the ALJ's evaluation of the medical evidence was based on specific and legitimate reasons supported by substantial evidence in the record, plaintiff has not asserted a plausible claim for relief from the denial of disability benefits.

Plaintiff also claims that the ALJ improperly discredited his testimony and failed to obtain an expert medical opinion. Plaintiff does little more than recite legal conclusions to

3

support these claims. In any event, even if these allegations were true, the ALJ would still be within his discretion to find plaintiff not disabled, as his weighing of the medical evidence would still be based on specific and legitimate reasons supported by the record.

**CONCLUSION**

Plaintiff's amended complaint fails to state a claim upon which relief can be granted and accordingly does not meet the pre-screening standard of Section 1915. Plaintiff's complaint is dismissed with leave to amend, but because the administrative record indicates that plaintiff's claims lack merit, plaintiff may not file any second amended complaint *in forma pauperis*. If plaintiff wishes to file a second amended complaint, he must do so by **AUGUST 9, 2018**. If he does, he must plead his best case.

**IT IS SO ORDERED.**

Dated: June 18, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE